247 P.2d 863

### SOLOMON v. HART et al.
### No. 5505.

Supreme Court of New Mexico.
Sept. 6, 1952.

Frazier, Quantius & Cusack, Roswell, for appellant.

John F. Russell, Roswell, for appellees.

SADLER, Justice.

The appellant as plaintiff below sought recovery from the defendants of a balance due on certain loans evidenced by checks, upon which a stipulated balance remained due and unpaid in the sum of $1140.66, alleged to have been made to the defendants. Recovery was denied and the complaint dismissed upon findings of fact absolving defendants from personal liability upon the ground that the loans were made to a corporation in which the defendants were the principal stockholders rather than to the defendants themselves. This appeal followed.

The pleadings consisting of a complaint and an answer presented the decisive factual issue in the case, namely, whether the indebtedness sued for was that of defendants themselves, personally, or that of a corporation in which they were merely the principal stockholders. The issue was tried out before the court without a jury and resulted in findings favorable to the defendants upon which the judgment made the subject of this appeal was entered. The basic error assigned and argued, as easily may be surmised, is that there is no substantial evidence to support the trial court's central finding that the loans were to the corporation and not to the defendants. A consideration of this claim of error involves at the outset a review of the evidence in the respect challenged to determine whether it has substantial character.

A careful study of the record satisfies us' that the questioned finding has substantial support in the evidence. To be sure, there is conflict in the evidence. The plaintiff testified that he thought he was lending the money to the two defendants who were brothers and who had operated as a partnership in the same line of business under the firm name of Hart Brothers Lumber Company for more than a year prior to incorporating under a similar name as Hart Brothers Company, Inc., (N.S.L.) and continuing in the same line of business.

On the other hand it was an agreed fact that the business was incorporated under the corporate name above mentioned on December 6, 1948, a date prior to that on which any of the advancements made the basis of plaintiff's action were made. The plaintiff while testifying as a witness for himself admitted that he accepted receipts for several of the loans signed "Hart Bros." bearing the endorsement "To be paid on demand in cash or in stock as maker desires." Touching this phase of the matter the plaintiff himself gave his understanding of the right accorded him as follows:

"Q But you had your choice, the choice was up to you whether you took cash or stock in the corporation? A Yes, sir."

Furthermore, it was testified by Wilson V. Hart, one of the defendants, that prior to incorporation he discussed their plans for incorporating with plaintiff who thought it was a "good idea," even going so far as to suggest prospects to whom they might be able to sell stock. The corporation had displayed in its office in Hagerman the license issued to it by New Mexico Bureau of Revenue under the name "Hart Brothers Lumber Company, Inc., N.S.L." (No Stockholders Liability). The checks representing the loans were made out to Hart Brothers Lumber Company, as payee, and not to the defendants jointly or singly.

Based on the foregoing evidence the trial court found the loans were to the corporation; that they represented no personal obligation of the defendants and that at time of making the loans the plaintiff knew Hart Brothers Lumber Company was a corporation. We think there is substantial evidence to support these material findings.

It is next urged a personal liability should be imposed on defendants because it failed to comply with 1941 Comp. § 54–226, reading:

"The name of every corporation shall be at all times conspicuously displayed at its principal office in this state."

The trial court found that the true corporate name was posted and on display in the principal office of the corporation in Hagerman in the license issued to it by New Mexico Bureau of Revenue. If absence of compliance with this posting statute would serve to transform a corporate liability into

a personal one of the stockholders, as we seriously doubt but do not decide, certainly, a satisfactory compliance is here shown. We see no reason for denying that this corporate name was adequately displayed merely because it appeared in a license issued by New Mexico Bureau of Revenue. Unquestionably, the corporation itself would have difficulty in avoiding liability by reason of this omission to post, if the action were one against it. See Albright v. Texas, S. F. & N. R. R. Co., 8 N.M. 110, 42 P. 73. There would be no more reason for transferring the corporate liability to the stockholders for the same omission, had it actually occurred.

Finally, it is said that the defendants failed to sustain the burden of proof resting on them of establishing that the loans were to the corporation rather than to them, personally. We think this point is resolved against the plaintiff by our disposition of his challenge to sufficiency of the evidence to support a finding that the debt was that of the corporation rather than the personal obligation of defendants. The plaintiff sued defendants for a balance admittedly due on loans claimed to have been made by him to them. Their general denial of his claim that they owed him clearly put a burden on him of establishing that they did. But if we view it in the light plaintiff's counsel sees fit to present it and consider their claim it was a corporate debt as an affirmative defense, the result is the same since we are compelled to hold they sustained it.

The fact is that within a short time following these loans the corporation became insolvent and its business was closed under an execution levied by the sheriff. This perhaps explains the effort to fix personal liability on the defendants.

We find no error and the judgment must be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and COORS, JJ., concur.